McKinney, J.,
delivered the opinion of the Court.
The bill seeks to enjoin the sale of certain slaves, upon the following state of facts.
The defendant, Ellen E. Cowden, was lawfully vested with an interest, during her own life, in the slaves mentioned in the bill. On the 23d of December, 1851, in consideration of the sum of $1600, to her paid by Mrs. Bradford, the complainant, the former sold and conveyed her said life interest in said slaves to the latter, to her sole and separate use: the complainant then, and still, *499 being a married woman — wife of the defendant, Simon Bradford.
In pursuance of said sale, the slaves were delivered to the complainant, who retained the undisturbed possession of them for a period of more than three years before the filing of this bill, claiming the life interest in them conveyed to her as above stated. The bill of sale for the slaves, from Mrs. Cowden to complainant, was never registered.
The defendants, Caldwell & Co., on the 14th of March, 1856, recovered a judgment against Simon Bradford, (the husband of complainant,) and said Ellen E. Cowden, jointly, for the sum of $3268.57, upon which execution issued and was levied upon said slaves. And the question is, whether or not said slaves are subject to the satisfaction of the judgment.
It is clear, that so far as regards the creditors of' the husband of complainant, registration of the bill of sale was not essential.
But as respects the creditors of Mrs. Cowden, it is. equally clear, that by reason of the non-registration of the bill of sale, the slaves remained subject to the satisfaction of their debts. Admitting this to be so, it is insisted for the complainant that her title was perfected by operation of the statute of limitations, before the date of the defendant’s judgment; and this position, it seems to us,, cannot be successfully resisted. The case of Turner v. Turner, 2 Sneed, 27, is not an authority against the correctness of this conclusion. That case holds, that a life estate cannot be created by operation of the statute, against the acknowledged owner of the reversion, from whom the possession has been obtained. The case *500 is a peculiar one, and was correctly decided upon the facts of the particular case. But the principle is not applicable to the facts of the case before us. Here, it is admitted, that a valid life estate in the slaves existed in Mrs. Cowden. This was an interest which she might .sell and transfer to another, or it might have been sold .upon execution by her creditors. She did, in fact, sell it, for a valuable consideration, as is admitted in the agreed case in the record. The' sale was not by parol, .’hut by a conveyance in writing, in proper form; and .under this bill of sale, the complainant held the slaves, • claiming an estate for life in them, for a period of •more than three years before the defendants obtained ¡their judgment, or caused the slaves to be levied on.
Upon these facts, we are at a loss to perceive any ■reason why the statute of limitations should not inure "to perfect the title, and protect the possession of the ¡•complainant, so far as her life estate is concerned: at least, as to all persons against whom she might, by law,.-set up an adverse possession: that is, against the per■son from whom she purchased, her creditors, and all ..¡other persons, except the owners of the remainder interest in the slaves; as against the latter, she could not, ..of course, set up an adverse possession.
From this view of the case, it follows that the decree ds erroneous; and it will be reversed, and a decree be ¡made in favor of the complainant.